**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MICHAEL BECK, individually
and on behalf of all  others                                       CASE NO.: 5:13-cv-00401-ACC-PRL
similarly situated who consent
to his inclusion;

      Plaintiff

                                       COLLECTIVE ACTION
  v.                                                                         REPRESENTATION

KANGAROO EXPRESS, INC.,
a Florida Profit Corporation, and
THE PANTRY, INC. a foreign
profit corporation d/b/a Kangaroo
Express

      Defendants./

### PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL BECK (collectively, "Plaintiff" or "Beck"), individually and on behalf of all others similarly situated who consent to their inclusion in this national class action, bring this lawsuit against the above captioned Defendants, KANGAROO EXPRESS, INC.**,** a Florida for profit corporation ("Kangaroo") and THE PANTRY, INC. ("The Pantry") a foreign for profit corporation d/b/a Kangaroo Express (hereinafter collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty hours a week.

### INTRODUCTION

1.      The Fair Labor Standards Act is our nation's foremost wage law.  The overtime requirements of the Fair Labor Standards Act ("FLSA") were designed to eliminate "labor

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) & 207(a).  It requires minimum wage and overtime pay for certain non-exempt employees. 29 USC Sec. 213.

2.      Beck worked as a "Store Manager" for Defendant from on or about May 28, 2009 until on or about June of 2012, at one of Defendants' store locations in Ocala, Florida.

3.      Plaintiff, like his fellow Store Managers and members of this putative Class working in various stores owned and operated by Defendants across thirteen (13) states in the South Eastern United States, were paid on a salary basis and improperly classified by Defendants as exempt employees under the FLSA.  As such Defendants deemed by its misclassification of Plaintiff and such putative Class members that such employees were not entitled to receive overtime compensation under the FLSA for hours that they worked for Defendants in excess of forty (40) hours per work week.

4.      Further, Plaintiff, like his fellow Store Managers in Defendants' stores across thirteen (13) states in the South Eastern United States and members of the Class, past and present, were systematically denied any overtime pay for hours worked in excess of forty (40) hours on behalf of Defendants.

5.      Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendants for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff (and others similarly situated) overtime compensation and (2) failing to maintain and preserve accurate and true records of all hours worked.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

## CLASS DEFINITION AND RELIEF SOUGHT

6.      This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All Store Managers across the nation who worked in Defendants' Store locations in the past three (3) years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for such time.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive.

8.      This Court has personal jurisdiction over this action because the Defendants are engaged in business within the state of Florida.

9.      This court has personal jurisdiction because this action because the Defendant, Kangaroo is a registered company in the State of Florida.

10.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because acts complained of herein took place in this District.

## THE PARTIES

### Representative Plaintiff Michael Beck

11.     At all times relevant to this action, Representative Plaintiff Beck, resided in Marion County, Florida.

12.     At all times relevant to this action, Plaintiff Beck worked for Defendants at one of its store locations in Marion County, Florida.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

13.     At all times relevant to this action, Beck, and all other members of the proposed FLSA collective action, were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

14.     Beck worked as a Store Manager during his employment with Defendants from on or about May 28, 2009 until on or about June of 2012.

15.     For purposes of the collective action, Beck consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

16.     At all times relevant to this action, Defendants employed Beck and all other Store Managers of the proposed FLSA collective action within the meaning of 29 U.S.C. § 203(g).

## Kangaroo Express, Inc.

17.     Defendant Kangaroo is a Florida for-profit corporation which owns and operates convenience stores in thirteen (13) states in the Southeastern United States, with its principle place of business at 305 Gregson Drive, Cary, North Carolina, 27511.

18.     Kangaroo is one of the nation's leading convenience store chains, with over 1,500 stores nationally.

19.     Based upon information and belief Kangaroo employs thousands of Store Managers throughout the United States.

20.     Kangaroo conducts substantial business in the state of Florida and throughout the country subjecting it to enterprise coverage under the FLSA.

21.     Kangaroo had more than $500,000 in revenues for the years of 2010, 2011, 2012 and 2013.

22.     At all relevant times, Kangaroo has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

23.     Kangaroo is subject to the FLSA as a matter of law.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

**The Pantry, Inc. d/b/a Kangaroo Express**

24.     Defendant, The Pantry, Inc. d/b/a Kangaroo Express is a foreign for-profit corporation which owns and operates convenience stores in thirteen (13) states in the Southeastern United States, with its principle place of business at 305 Gregson Drive, Cary, North Carolina, 27511.

25.     The Pantry is one of the nation's leading convenience store chains, with over 1,500 stores nationally.

26.     Based upon information and belief The Pantry employs thousands of Store Managers throughout the United States.

27.     The Pantry conducts substantial business in the state of Florida and throughout the country subjecting it to enterprise coverage under the FLSA.

28.     The Pantry had more than $500,000 in revenues for the years of 2010, 2011, 2012 and 2013.

29.     At all relevant times, The Pantry has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

30.     The Pantry is subject to the FLSA as a matter of law.

**GENERAL ALLEGATIONS**

31.     Based upon information and belief, all or substantially all stores across the United States operate with the same training models for employees, career paths, job titles, hierarchy, and employee policies and procedures.

32.     Based upon information and belief, all Store Managers are supervised by District Managers, who oversee the management of several stores at a time.

33.     Based upon information and belief, the Store Manager Position job description is

the same for all states across the nation.

34.     No college education is required for the Store Manager Position.

35.     Plaintiff and members of the putative class worked numerous overtime hours on a regular and essentially weekly basis on behalf of Defendants in the performance of his duties as Store Managers.

36.     Plaintiff and all other members of the proposed collective class action, were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

37.     Plaintiff and members of the Class were misclassified by Defendants as exempt employees who were and/or are not entitled to receive overtime compensation under the FLSA for hours that they work on behalf of Defendants in excess of forty (40) hours per week.

38.     Despite Defendants' classification of its Store Managers, such as Plaintiff and members of the Class, as being exempt from the overtime protections of the FLSA, the primary duties, responsibilities and actual circumstances of such Store Managers' work environment, as well as the character of his jobs as a whole, dictate that they were and/or are not exempt under the FLSA.   The reality was and is that Plaintiff and members of the Class were and/or are not in reality managers or executives as that term is defined pursuant to the FLSA.

39.     During his employment with Defendants, Plaintiff' and members of the Class' primary job duty was not to supervise subordinate employees or manage Defendants' enterprise, as that term is defined under the FLSA.  Plaintiff and members of the Class would often refer to themselves as "glorified cashiers" based upon the inordinate amount of time that they spent performing the duty of a cashier in a given shift.

40.     Plaintiff's and members of the Class' job duties also included, among other things, unloading trucks, stocking shelves, cleaning restrooms and other parts of the store

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

location in which they worked, painting, performing clerical work related to payroll and other pre-established form duties and any other task assigned or directed to do by the District Manager. In fact, the great majority of Plaintiff's and members of the Class' time working for Defendants is and/or was spent performing such menial tasks and/or job duties.

41.     Plaintiff and members of the Class did not have the authority to hire or fire employees, nor could they set pay, provide pay raises to employees or promote employees or make any other type of personnel decision; only his superiors or District Managers had such authority to do so.

42.     Likewise, Plaintiff and members of the Class did not perform job duties which involved the exercise of discretion and/or independent judgment, nor did they enjoy the authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.  His respective job duties did not include engaging in any type of analysis, but instead they simply followed and/or utilized automated or pre-established procedures or formats in performing any job duties that did not involve menial tasks.

43.     Plaintiff was paid a weekly salary and was scheduled to work a mandatory fifty (50) hours per week.

44.     Despite his set schedule, Plaintiff consistently averaged closer to fifty three (53) hours per week and consistently worked many more hours in a given week.  Plaintiff and members of the Class were and/or are usually the first employees required to fill in for other subordinate employees who were out sick or absent for various reasons, thus simply performing more menial job duties such as cashiering and stocking.

45.     Defendants are very zealous about minimizing the amount of overtime hours that it has to pay to its hourly employees working in its store locations across the nation.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

46.     As a result, Defendants have engaged in a systematic practice of using and forcing its salaried Store Manager employees who do not receive overtime pay to work many hours in order to avoid having to pay its hourly employees for such overtime work.

47.     Plaintiff and members of the Class while working as Store Managers for the Defendants did not customarily and regularly direct the work of at least two or more full-time employees or their equivalent.

48.     Plaintiff and members of the Class spent the great majority of his time while employed performing menial job duties which had nothing to do with managing the Defendants' stores or enterprise, as that term is defined and/or contemplated under the FLSA.

49.     The Defendants willfully violated and continues to violate §207 of the FLSA by failing to pay Plaintiff and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

50.     Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all Store Managers of Defendants stores nationwide, who have regularly worked in excess of forty (40) hours per week.   There are more than 1,500 stores nationwide, each modeled with uniformity and each with Store Managers.

51.     The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times his regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. S 207(a)(1).  Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

52.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

53.     Plaintiff and members of the Class were, and continue to be, required to work more than forty (40) hours a week during the course of his employment with Defendants.

54.     Plaintiff herein alleges on behalf of the members of the Class that Defendants' failure to pay overtime and other compensation was and is knowing and willful.  Accordingly, Plaintiff and the Class seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

### FAILURE TO MAINTAIN TRUE
### & ACCURATE RECORDS OF HOURS WORKED

55.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

56.     However, and to the extent records are unavailable, Plaintiff and members of the Class may establish the hours they worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

57.     All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of his employees.

58.     With respect to an employee subject to the minimum wage provisions the following records must be kept:

59.     Personal information, including employee's name, home address, occupation, sex, and birth date if under 19 years of age;

  a.  Hour and day when workweek begins;

  b.  Regular hourly pay rate for any week when overtime is worked;

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

    c.   Total hours worked each workday and each workweek;

    d.   Total daily or weekly straight-time earnings;

    e.   Total overtime pay for the workweek;

    f.   Deductions from or additions to wages;

    g.   Total wages paid each pay period; and

    h.   Date of payment and pay period covered.

60.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See* 29 U.S.C. § 215(a)(5); *see also Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

61.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  *See Wirtz v. First State Abstract Ins. Co.,* 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

62.    An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999) , *citing Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

63.    Defendants have failed to accurately record, report, credit and/or compensate its employees, including Plaintiff and Class members' time records.

64.    Defendants have failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§ 211, 216 and related laws.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

## COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiff brings this action on behalf of the Class, as a collective action pursuant to the Fair Labor Standards Act § 216(b).

66.     In *Young v. Cooper Cameron Corp.*, the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)

67.     Still, despite the *Young* Court's ruling, the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to the Plaintiff at this time, and can only be ascertained through appropriate discovery, the Plaintiff believe that there are at a minimum hundreds of individuals in the defined class, if not thousands.

68.     Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the Class.

69.     A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

70.     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

likely will not obtain redress of his injuries and Defendant will retain the proceeds from its violations of the FLSA.

71.     Furthermore, even if any member of the Class could afford individual litigation against the Company, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class, and provide for judicial consistency.

72.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.  Among common questions of law and fact are:

    a.   Whether Defendants employed members of the Class within the meaning of the applicable provisions of the FLSA;

    b.   Whether Plaintiff and members of the Class were and/or are improperly classified as exempt pursuant to the protections of the FLSA;

    c.   Whether Plaintiff and members of the Class were expected to, and/or mandated to regularly work hours in excess of forty (40) per week;

    d.   Whether Defendants knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and

    e.   Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

73.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

74.     Pursuant to 20 U.S.C. § 207, Plaintiff seek to prosecute the FLSA claims as a collective action on behalf of:

> All Store Managers across the nation who worked for Defendants as employees in the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for such time.

75.     Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

## <u>COUNT I – OVERTIME DUE UNDER THE FLSA</u>

76.     Paragraphs one (1) through seventy five (75) are realleged as if fully set forth herein.

77.     At all relevant times, Defendants employed Plaintiff and/or each member of the Class and/or continues to employ members of the Class, within the meaning of the FLSA.

78.     Defendants have a policy and practice of refusing to pay overtime compensation to Store Managers for the hours worked in excess of forty (40) hours per week.

79.     Defendants knowingly and willfully failed to pay Plaintiff and all other members of the Class overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §§ 206 and 207.

80.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81.     Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages,

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

    **WHEREFORE** Plaintiff, Michael Beck prays for:

a.  An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b) and that notice be sent to all past and present employees of Defendants at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b.  An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

c.  That the Court find Defendants in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendants' violations of the FLSA were and are willful;

d.  That the Court award Beck, the putative Class and all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours, that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the unpaid overtime compensation; in addition interest on said award pursuant to § 216 of the FLSA.

e.  That the Court award Beck, a collective action representative fee for his efforts and time dedicated to bringing justice through this action; and

f.  That the Court award any other legal and equitable relief as this Court may deem appropriate.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

**Dated:  August 23, 2013**

Respectfully submitted.

**FELDMAN MORGADO, P.A.**

*/s/Dennis A. Creed, III*
Dennis A. Creed, III
Florida Bar No. 0043618
Mitchell L. Feldman
Florida Bar No. 0080349
Derek W. Bernstein
Florida Bar No. 102535
FELDMAN MORGADO, P.A.
501 N. Reo Street
Tampa, FL 33609
Tel: (813) 639-9366 – Fax (813) 639-9376
*Attorneys for Plaintiff*